US TAX COURT
RECEIVED

APR 21 2017

CO

US TAX COURT
FILED

APR 21 2017

WHISTLEBLOWER 21276-13W,
Petitioner,

PAPER FILED

v.

Docket No. 21276-13W

COMMISSIONER OF INTERNAL REVENUE,
Respondent

# NOTICE OF APPEAL

SERVED Apr 24 2017

U.S. TAX COURT
RECEIVED
APR 21 2017
HAND DELIVERED

Dec 1-27-17 - Jacobs

UNITED STATES TAX COURT

| | | |
|---|---|---|
| WHISTLEBLOWER 21276-13W | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 21276-13W |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

NOTICE OF APPEAL

Notice is hereby given that the Commissioner of Internal Revenue appeals to the United States Court of Appeals for the District of Columbia Circuit from the decision of this Court entered in the above-captioned proceeding on January 27, 2017. Petitioner's Tax Court proceeding resolved his petition of an IRS Whistleblower Office determination. Accordingly, venue is properly placed with the United States Court of Appeals for the District of Columbia Circuit.

Dated: APR 21 2017

Robaing (WE0860) for
DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division
Department of Justice

Robaing (WE0860) for
WILLIAM M. PAUL
Acting Chief Counsel
Internal Revenue Service

ROBERT T. WEARING
Branch Chief
Branch 5
Office of Associate Chief Counsel
(Procedure and Administration)
T. C. Bar No. WR0860
Washington, DC 20224
Telephone No. 202-317-5407

RMM

**UNITED STATES TAX COURT**
**WASHINGTON, DC 20217**

| | | |
|---|---|---|
| WHISTLEBLOWER 21276-13W, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 21276-13W. |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent | ) | |

## DECISION

On August 3, 2016, the Court rendered an Opinion (147 T.C. No. 4) with respect to petitioners' claim for a whistleblower award under I.R.C. sec. 7623(b). As part of that Opinion, the Court calculated that the two petitioners were entitled to a combined whistleblower award of $17,791,607. Pursuant to that determination, it is

ORDERED and DECIDED that Whistleblower 21276-13W is entitled to a whistleblower award of $8,895,803.50.

Julian I. Jacobs
Judge

ENTERED: **JAN 27 2017**

**SERVED Jan 27 2017**

147 T.C. No. 4

UNITED STATES TAX COURT

WHISTLEBLOWER 21276-13W, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent*

WHISTLEBLOWER 21277-13W, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 21276-13W, 21277-13W. Filed August 3, 2016.

Ps, husband and wife, seek whistleblower awards authorized by I.R.C. sec. 7623(b). The Whistleblower Office rejected Ps' claims for awards as untimely and administratively closed their cases. In Whistleblower 21276-13W v. Commissioner, 144 T.C. 290 (2015), we (1) held that Ps' claims for awards were timely, (2) ordered the parties to attempt to resolve their differences and keep the Court informed as to their progress, and (3) retained jurisdiction. The parties subsequently agreed that Ps are eligible for an award of 24% of the collected proceeds.

The targeted taxpayer pleaded guilty to a violation of 18 U.S.C. sec. 371 and paid $74,131,694 in tax restitution, a criminal fine, and

*This Opinion supplements our previously filed Opinion, Whistleblower 21276-13W v. Commissioner, 144 T.C. 290 (2015).

civil forfeitures to the Government. The parties agree that the tax restitution payment constitutes collected proceeds for purposes of an award under I.R.C. sec. 7623(b). They disagree as to whether payments of the criminal fine and civil forfeitures constitute collected proceeds.

Held: The criminal fine and civil forfeitures are collected proceeds for purposes of an award under I.R.C. sec. 7623(b).

Sealed,[1] for petitioners.

Richard L. Hatfield, John T. Arthur, and Jonathan D. Tepper, for respondent.

SUPPLEMENTAL OPINION

JACOBS, Judge: Petitioners, husband and wife, seek whistleblower awards authorized by section 7623(b).[2] Each petitioner filed a Form 211, Application for Award for Original Information, with the Internal Revenue Service (IRS) Whistleblower Office. The Whistleblower Office summarily rejected petitioners'

---

[1]The names of petitioners' counsel have been omitted in furtherance of protecting petitioners' identities.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code or title 26). All dollar amounts are rounded to the nearest dollar.

claims on the basis that "additional tax, penalties, interest or other proceeds" had been collected before petitioners filed their respective Forms 211 and administratively closed their cases. Petitioners appealed that rejection to this Court. See sec. 7623(b)(4). Because the documents in the IRS' administrative files were insufficient for us to conduct an effective review, a partial trial was held to determine (1) what information, disclosure, and/or action, if any, petitioners provided to employees, agents, and/or officers of the United States in detecting underpayments of tax and/or detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same, see sec. 7623(a)(1) and (2), and (2) whether that information, disclosure, and/or action satisfies the requirements of section 7623(b).

We rendered an Opinion that fleshed out the IRS' inadequate administrative file. Whistleblower 21276-13W v. Commissioner, 144 T.C. 290 (2015). In that Opinion we held that Form 211 is not required to be filed with the Whistleblower Office before the whistleblower supplies information to other parts of the IRS or other Government agencies in order to be eligible for an award under section 7623(b). We issued an order requiring the parties to attempt to resolve their differences and to keep the Court informed of their progress. We did not remand the case to the Whistleblower Office.

During a conference call, the parties informed the Court that: (1) they agree that petitioners are eligible for an award; and (2) the award is to be 24% of the collected proceeds, i.e., proceeds that are eligible for an award; but (3) they could not reach agreement as to the amount of the collected proceeds.

Background

The targeted taxpayer pleaded guilty to conspiring to defraud the IRS, file false Federal income tax returns, and evade Federal income tax in violation of 18 U.S.C. sec. 371.[3] The taxpayer paid $74,131,694 in tax restitution, a criminal fine, and civil forfeitures to the Government under 18 U.S.C. sec 3571.

---

[3]Title 18 U.S.C. sec. 371 (2012) provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

The underlying crimes within the conspiracy charge were (1) tax evasion in violation of sec. 7201 and (2) fraudulent declarations made under penalties of perjury in violation of sec. 7206(1).

The parties stipulated that the $74,131,694 collected from the taxpayer consisted of the following: tax restitution of $20,000,001; a criminal fine of $22,050,000;[4] a civil forfeiture of $15,821,000, representing gross fees the taxpayer received from its U.S. clients;[5] and the relinquishment of all claims to $16,260,693 that had been previously forfeited to the United States.[6]

Respondent determined, and petitioners agree, that the tax restitution payment constitutes collected proceeds for purposes of an award under section 7623(b)(1). The parties disagree as to whether payments of the criminal fine and civil forfeitures constitute collected proceeds.

---

[4]The criminal fine was imposed by a Federal court pursuant to 18 U.S.C. sec. 3571 as a result of the taxpayer's guilty plea to conspiring to defraud the IRS, file false Federal income tax returns, and evade Federal income taxes in violation of 18 U.S.C. sec. 371. Title18 U.S.C. sec. 3571(a) provides that a defendant who has been found guilty of an offense may be sentenced to pay a fine. As relevant in these cases an organization may be fined the amount specified in the law setting forth the offense, 18 U.S.C. sec. 3571(c)(1); $500,000 for a felony, 18 U.S.C. sec. 3571(c)(3); or if the defendant derived pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, a fine of not more than the greater of twice the gross gain or twice the gross loss, 18 U.S.C. sec. 3571(d).

[5]The money was forfeited pursuant to 18 U.S.C. sec. 981(a)(1)(A), which provides for a forfeiture of property involved in a financial transaction (money laundering) with the intent to engage in conduct constituting a violation of sec. 7201 (tax evasion) or sec. 7206 (fraud/filing false returns).

[6]The relinquishment was from a prior civil forfeiture pursuant to 18 U.S.C. sec. 981(a)(1)(A).

## Discussion

### I. Introduction

The whistleblower program is one of the weapons used by the IRS to detect underpayments of tax and violations of the internal revenue laws. The program is based on the principle "if you know something, say something." The statute provides that if the IRS institutes an administrative or judicial action against a taxpayer and collects proceeds as a result of information provided by a whistle-blower, the informant will be monetarily rewarded with a portion of the collected proceeds.

The dispute to be resolved concerns statutory interpretation. Therefore, we begin our task by examining the language of the statute.

### II. Statutory Background and IRS Guidance

Section 7623 (b), enacted by the Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, sec. 406, 120 Stat. at 2958, provides for a mandatory whistleblower award if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2 million and if certain other requirements are met. See sec. 7623(b)(3), (5), (6).[7] Section 7623(b)(1) provides:

---

[7]See Whistleblower 22716-13W v. Commissioner, 146 T.C. ___ (Mar. 14, 2016), for an analysis of sec. 7623(b)(5).

> If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2) [not applicable in this matter], receive an award at least 15 percent but not more than 30 percent of the collected proceeds (including penalties, interest, additions to tax, and additional amounts) resulting from the action (including any related actions) or from any settlement in response to such action. The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.

The administrative or judicial actions alluded to by section 7623(b)(1) relate to (1) the detection of underpayments of tax or (2) the detection and bringing to trial and punishment of persons guilty of violating the internal revenue laws or conniving at the same. See sec. 7623(a).[8] Section 7623(b) was enacted in response to the

---

[8]Sec. 7623(a) provides:

> SEC. 7623(a). In General.--The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for--
>
> (1) detecting underpayments of tax, or
>
> (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same,
>
> in cases where such expenses are not otherwise provided for by law. Any amount payable under the preceding sentence shall be paid from the proceeds of amounts collected by reason of the information provided, and any amount so collected shall be available for such

(continued...)

ineffectiveness of the prior, discretionary whistleblower program, now codified as section 7623(a).

In 2010, the IRS provided administrative guidance regarding the whistle-blower program in Internal Revenue Manual sec. 25.2.2.12 (June 18, 2010).[9] That guidance, in pertinent part, states:

> (1) "Collected proceeds" are the monies the IRS obtains directly from a taxpayer which are based upon the information the

---

[8](...continued) payments.

The sec. 7623(a) discretionary awards program derives from legislation enacted in 1867 that authorizes the Secretary "to pay such sums * * * as may in his judgment be deemed necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same." Act of Mar. 2, 1867, ch. 169 sec. 7, 14 Stat. 471, 473; see Whistleblower 22716-13W v. Commissioner, 146 T.C. at __ (slip op. at 7-8). In 1996 the statute was amended to clarify that providing the Government with information detecting underpay-ments of tax qualified for an award. Taxpayer Bill of Rights 2, Pub. L. No. 104-168, sec. 1209(a), 110 Stat. at 1473. The legislative history states that "[t]he bill clarifies that rewards may be paid for information relating to civil violations, as well as criminal violations. The bill also provides that the rewards are to be paid out of the proceeds of amounts (other than interest) collected by reason of the information provided." H.R. Rept. No. 104-506, at 51 (1996), 1996-3 C.B. 49, 99.

[9]The Secretary promulgated regulations with respect to sec. 7623(b) applicable to whistleblower information submitted on or after Aug. 12, 2014, and to claims for awards under sec. 7623(b) that are open as of Aug. 12, 2014. Secs. 301.7623-2(f), 301.7623-4(e), Proced. & Admin. Regs. The Whistleblower Office denied each petitioner's claim for an award on or about Aug. 13, 2013, and the parties agree that the regulations do not apply in these cases.

whistleblower has provided. Satisfaction of taxpayers' liabilities by reducing a credit balance is not within the scope of collected proceeds.

* * * * * * *

(3) For claims filed after December 20, 2006, awards are paid out of the proceeds collected, including penalties, interest, additions to tax and additional amounts.

* * * * * * *

(9) Criminal Fines: Criminal fines, which must be deposited into the Victims of Crime Fund, cannot be used for payment of whistleblower awards.

## III. Positions of the Parties

### A. Respondent's Position

Respondent asserts that the plain language of section 7623 makes clear that only those proceeds assessed and collected under a provision of title 26 may be used to pay a whistleblower award because section 7623 relates solely to violations of Federal tax laws. Consequently, respondent continues, criminal fines and civil forfeitures are not "collected proceeds" for purposes of the Secretary's paying an award under title 26.[10] Respondent further maintains that if criminal fines and

---

[10]Respondent concedes that the tax restitution payment made by the taxpayer qualifies as collected proceeds (even though the restitution was made pursuant to 18 U.S.C. sec. 3556) because it was assessed as a tax and collected by the IRS under sec. 6201(a)(4).

forfeitures could be used for payment of the whistleblower award, an "irreconcilable conflict" would be created "between Title 26's whistleblower statute and the provisions of 42 U.S.C. sec. 10601 [regarding criminal fines] and 31 U.S.C. sec. 9703.1[[11]] [regarding civil forfeitures] that specify the purposes for which moneys collected under Title 18 in this case may be used."

B. Petitioners' Position

Petitioners also maintain that the plain language of section 7623(b)(1) is clear. Petitioners assert that the entire approximately $74 million collected from the taxpayer is collected proceeds because that amount was the settlement payment resulting from an administrative or judicial action taken by the Secretary and relates to acts committed by the taxpayer in violation of the provisions of title 26, specifically sections 7201 and 7206(1).

## IV. Analysis

### A. Collected Proceeds Are Not Limited to Amounts Collected Under Title 26.

The language of section 7623(b)(1) is plain. And "[w]here * * * the statute's language is plain, 'the sole function of the courts is to enforce it

---

[11]Respondent appears to refer to 31 U.S.C. sec. 9703(a) (redesignated 31 U.S.C. sec. 9705, by the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, sec. 105(c)(1)(A), 129 Stat. at 237).

according to its terms.'" United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). We therefore must "give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, 'that language must ordinarily be regarded as conclusive.'" Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982) (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980)).

Section 7623(b)(1) is straightforward and written in expansive terms, namely, where, using information provided by the whistleblower, the Secretary proceeds with an administrative or judicial action regarding underpayments of tax or any action regarding the violation of, or conniving to violate, the internal revenue laws, the whistleblower is entitled to an award based on a percentage of the collected proceeds resulting from the Secretary's action (as well any related actions) or from any settlement in response to such action. The term at the center of the dispute herein, i.e. "collected proceeds", is not statutorily defined. We therefore must rely on the canons of statutory construction that: (1) when words used in a statute are not specifically defined, courts generally give the words their plain or ordinary meaning, FCC v. AT&T, Inc., 562 U.S. 397, 403 (2011), and (2) words in a statute must be read in their context, with a view to their place in the

overall statutory scheme, Davis v. Mich. Dep't of Treasury, 489 U.S. 803, 809 (1989). Moreover, we are mindful that reliance on a statute's context is a "subtle business, calling for great wariness lest what professes to be mere rendering becomes creation and attempted interpretation of legislation becomes legislation itself." Palmer v. Massachusetts, 308 U.S. 79, 83 (1939).

With these canons in mind, we turn to the meaning of "collected proceeds". "Proceeds", as the Supreme Court explained, is "a word of great generality." Indeed, the Supreme Court noted that "[p]roceeds are not necessarily money." Phelps v. Harris, 101 U.S. (11 Otto) 370, 380 (1879); see Whistleblower 22716-13W v. Commissioner, 146 T.C. __, __ (slip op. at 22) (Mar. 14, 2016). Our Court has stated that "[t]he general dictionary definition of 'proceeds' encompasses 'what is produced by or derived from something (as a sale, investment, levy, business) by way of total revenue: the total amount brought in'". Anderson v. Commissioner, 123 T.C. 219, 232 (2004) (quoting Webster's Third New International Dictionary 1807 (1974)), aff'd, 137 F. App'x 373 (1st Cir. 2005). And the Oxford English Dictionary defines "proceeds" as "[t]hat which proceeds, is derived, or results from something; that which is obtained or gained by any transaction; produce, outcome, profit." 12 Oxford English Dictionary 544 (2d ed. 1989). The definition of "collect" is similarly expansive:

"[t]o gather together into one place or group; to gather, get together." 3 Oxford English Dictionary 476.

We find instructive the decision by the Court of the Appeals for the Eighth Circuit in United States v. S. Half of Lot 7 & Lot 8, 910 F.2d 488 (8th Cir. 1990) (en banc). Therein, the Court of Appeals had to interpret 18 U.S.C. sec. 1955(d), which provides that any property, including money, used in an illegal gambling operation may be seized and forfeited to the United States. The plaintiffs owned real property that was seized by the United States. They argued that only personal property could be seized because the statute did not provide specifically that real property could be forfeited. Disagreeing with the plaintiffs, the Court of Appeals held that the term "any property" is to be given its plain meaning and that the addition of the phrase "including money" does not limit the breadth of the term "any property".[12] The Court of Appeals, quoting the Supreme Court, stated:

> We believe "Congress could not have chosen . . . broader words to define the scope of what was to be forfeited." United States v. Monsanto, 491 U.S. 600, [607] * * * (1989). The words in question here are commonly understood, and "Congress' failure to supplement [section 1955(d)'s] comprehensive phrase--'any property'--with an exclamatory 'and we even mean [real property]' does not lessen the

[12]The Court of Appeals also noted that legislative history generally cannot overcome the plain words and meaning of a statute. United States v. S. Half of Lot 7 & Lot 8, 910 F.2d 488, 490 (8th Cir. 1990) (citing Ex parte Collett, 337 U.S. 55, 61 (1949)).

> force of the statute's plain language." Id. at * * * [609] (emphasis omitted). * * * [S. Half of Lot 7 & Lot 8, 910 F.2d at 490.]

We are leery of arbitrarily limiting the meaning of an expansive and general term such as "collected proceeds". In drafting section 7623(b)(1), Congress could have provided that the whistleblower's award is to be based on taxes and other amounts assessed and collected by the IRS under title 26. But it did not. Instead, Congress chose to use a sweeping term "collected proceeds" as the basis of the award. The context of the statute in which the term "collected proceeds" is used reinforces our conclusion. Congress revealed its intent that the mandatory whistleblower program be an expansive rewards program by including in section 7623(b)(1) other broad and sweeping terms such as "any administrative or judicial action", "any related actions", and "any settlement in response to such action."

Respondent would have us narrow the definition of collected proceeds, despite the term's expansive ordinary meaning. Respondent would limit collected proceeds to those moneys assessed and collected under the provisions of title 26. Respondent claims the phrase "detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws", as used in section 7623(a)(2), is essentially synonymous with the phrase "detecting underpayments of tax", as used in section 7623(a)(1), and that both phrases refer to taxes assessed

and collected under a provision of title 26. Consequently, according to respondent, only amounts assessed and collected under a provision of title 26 may be used in funding the award to a whistleblower.

In making this argument, respondent notes that the Code mentions "internal revenue laws" in a number of instances. See, e.g., sec. 6301 ("The Secretary shall collect the taxes imposed by the internal revenue laws."); sec. 6065 ("Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws * * * shall contain or be verified by a written declaration that it is made under penalties of perjury."); sec. 1400S(e) (authorizing the Secretary to "make such adjustments in the application of the internal revenue laws as may be necessary to ensure that taxpayers do not lose any deduction or credit or experience a change of filing status" by reason of exigencies caused by various hurricanes). Respondent also invites our attention to the caption of section 7212, "Attempts to Interfere with Administration of Internal Revenue Laws", and points out that subsection (a) of section 7212 makes it a crime to block an official acting "under this title".

We do not accept respondent's position that "collected proceeds" are limited to title 26 collections. If Congress had wanted to limit collected proceeds to title 26 collections, it could, and would, have done so. Moreover, we disagree that

internal revenue laws are limited to laws codified in title 26. To the contrary, none of the provisions cited by respondent state, or even imply, that internal revenue laws are limited to those laws codified in title 26.[13]

There are numerous instances where internal revenue laws are found outside title 26. One instance relates to relief from employment tax obligations. So called "section 530 relief" from employment tax does not refer to section 530 of the Code (which governs Coverdell education savings accounts), but rather to section 530 of the Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. at 2885. Another instance: Although section 6212 is the Code provision relating to notices of deficiency, it is section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. at 767, which provides that "[t]he Secretary * * * shall include on each notice of deficiency under section 6212 * * * the date determined * * * as the last day on which the taxpayer may file a petition with the Tax Court." And perhaps the most telling instance: The very provisions establishing the Whistleblower Office are found outside the Code. See Tax Relief and

---

[13]Indeed, the IRS itself acknowledges that tax laws may be found outside title 26. In a Chief Counsel Memorandum discussing whistleblower matters, dated April 23, 2012, the IRS, citing IRM pt. 4.10.12.1.2(3) (Nov. 9, 2007), stated: "Title 26 of the United States Code, reproduced separately as the Internal Revenue Code (Code), contains most of the Federal tax law."

Health Care Act of 2006, Pub. L. No. 109-432, div. A, sec. 406(b), 120 Stat. at 2959-2960.[14]

The Code itself refers to laws outside title 26 as internal revenue laws. As an example, section 6531 provides periods of limitation on criminal prosecutions:

> SEC. 6531. PERIODS OF LIMITATION ON CRIMINAL PROSECUTIONS.
>
> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years--
>
> * * * * * * *
>
> (8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

We find the reference in section 6531(8) to 18 U.S.C. sec. 371 to be especially illuminating inasmuch as the targeted taxpayer pleaded guilty to conspiracy to defraud the IRS, file false Federal income tax returns, and evade Federal income

---

[14]We doubt that respondent would agree with the contention that an individual who threatened a Whistleblower Office official would not be in violation of sec. 7212 because the statute governing the activities of the Whistleblower Office is not codified under title 26.

tax, in violation of 18 U.S.C. sec. 371.[15] Finally, the phrase "internal revenue laws" dates from the earliest version of the whistleblower statute enacted in 1867. At that time, the modern title 26 did not exist; internal revenue laws meant all revenue laws. We think it erroneous to impose a post facto restriction on the meaning of the phrase not intended by Congress when it enacted the legislation. In sum, the phrase "internal revenue laws" is not limited to those laws codified in title 26.

Respondent further argues that the term "collected proceeds", as used in section 7623(b)(1), pertains solely to taxes and related payments because the list of items deemed to be collected proceeds is set forth in a parenthetical: "collected proceeds (including penalties, interest, additions to tax, and additional amounts)". Respondent asserts that "the terms penalties, addition to tax, and additional amounts have specific meanings under Title 26 that do not extend beyond the

---

[15]Ours is not the only court to note that tax laws and related laws may be found beyond those codified in title 26. The District Court for the Northern District of California in Hom v. United States, 2013 WL 5442960 (N.D. Cal. Sept. 30, 2013) aff'd, ___ F. App'x ___, 2016 WL 1161577 (9th Cir. Mar. 24, 2016), stated: "[T]he issue here is whether [31 U.S.C.] Section 5314 is either an internal revenue law or related statute (either designation would make the disclosure [of taxpayer information under sec. 6103] permissible). The United States argues that [31 U.S.C.] Section 5314 is a 'related statute' under Section 6103 (Dkt. No. 13 at 6). This is correct. Congress intended for [31 U.S.C.] Section 5314 to fall under 'tax administration.'"

definition of 'tax'." Respondent bases his argument on section 6665(a)(2), which provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter", as well as on section 6671(a), which provides that "[t]he penalties and liabilities provided by this subchapter * * * shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter." Respondent argues:

> Neither section 7623 nor its legislative history [respondent refers to the legislative history of sec. 7623(a)] provides a basis to conclude that Congress intended the terms penalties, additions to tax, and additional amounts in section 7623 to have meaning different than that set forth in section 6665. Penalties, additions to tax, and additional amounts under section 7623(b) pertain to amounts assessed under Title 26 that increase the total amount of tax liability. More broadly, these terms have a well-established meaning under Subtitle F of the Code--they are, in fact, the title of Chapter 68 and refer to those penalties, additions to tax, and additional amounts.

In making this argument, respondent ignores the fact that the first word in the parenthetical listing those items deemed to be collected proceeds is "including". And the Code itself provides that "[t]he terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." Sec.

7701(c); see also Wnuck v. Commissioner, 136 T.C. 498, 506 (2011) ("Anyone fluent in English knows that the word 'includes' cannot be assumed to mean 'includes only'."); Dunaway v. Commissioner, 124 T.C. 80, 91-92 (2005) (quoting Cannon v. Nicholas, 80 F.2d 934, 936 (10th Cir. 1935)). By using the word "including", Congress clearly intended the list of items deemed to be collected proceeds to be nonexhaustive. Moreover, the list of items deemed to be collected proceeds includes the word "penalties". In several places the Code interposes the word "fine" with the word "penalties". See, e.g., sec. 7201 ("Any person who willfully attempts in any manner to evade or defeat any tax * * * shall, in addition to other penalties provided by law * * * be fined not more than $100,000 [.]"); sec. 162(f) ("No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law."). Finally, we note that the list of items deemed to be collected proceeds does not include "tax", yet respondent conceded that the restitution payment (i.e., a tax) qualifies as collected proceeds.[16] By making this concession, respondent appears to concede

---

[16]Respondent conceded that the tax restitution payment constitutes collected proceeds because it was assessed under sec. 6201(a)(4). Sec. 6201(a)(4) was enacted as part of the Firearms Excise Tax Improvement Act of 2010, Pub. L. No. 111-237, sec. 3(a), 124 Stat. at 2497-2498, effective for restitution ordered after Aug. 16, 2010. Under respondent's logic, if the whistleblowers in this matter had provided information to the Government before Aug. 17, 2010, they would not be (continued...)

concomitantly that the universe of "collected proceeds" is greater than the items deemed to be collected proceeds listed in the parenthetical.

Our holding in this matter is not in conflict with our holding in Whistleblower 22716-13W v. Commissioner, 146 T.C. __, wherein the Court examined the $2 million threshold requirement of section 7623(b)(5)(B). See supra note 7. Section 7623(b)(5)(B) provides that for a whistleblower to qualify for the mandatory whistleblower award, "the tax, penalties, interest, additions to tax, and additional amounts in dispute [must] exceed $2,000,000." In Whistleblower 22176-13W, the whistleblower provided information to the Government that resulted in the collection of a small tax restitution payment and Foreign Bank and Financial Accounts (FBAR) civil penalties under 31 U.S.C. sec. 5321(a) in an amount exceeding $2 million. The IRS Whistleblower Office denied the whistleblower's claim for an award on the basis that (1) the Government had obtained complete information about the taxpayer's activities from another source and (2) the whistleblower's claim did not meet the $2 million threshold of section 7623(b)(5)(B) because FBAR penalties do not constitute "tax, penalties, interest, additions to tax, * * * [or] additional amounts". In arguing his case before us, the

---

[16](...continued)
entitled to any award.

whistleblower asserted that FBAR penalties constituted an "additional amount" as used in section 7623(b)(5)(B).

We rejected the whistleblower's assertion. In interpreting what constitutes "additional amounts" we held that the phrase "additional amounts" as it appears in the series in section 7623(b)(5)(B), i.e., "tax, penalties, interest, additions to tax, and additional amounts", was a term of art. We noted that the phrase "additional amounts" when used in a series that also includes "tax" and either "additions to tax" or "additions to the tax" appeared nearly 40 times in title 26, and when the words were tied together, as they are in section 7623(b)(5)(B), they had a specific technical meaning. We stated we repeatedly have held that the phrase "additional amounts", which the whistleblower sought to extend to FBAR penalties, "is a term of art that refers exclusively to the civil penalties enumerated in chapter 68, subchapter A" of title 26 which are assessed, collected, and paid in the same manner as taxes. Whistleblower 22716-13W v. Commissioner, 146 T.C. at __ (slip op. at 19).

In reaching our holding, we determined that the wording in the threshold requirement of section 7623(b)(5)(B) ("if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000") is different from that of section 7623(b)(1), which provides for an award of a percentage of the

collected proceeds ("including penalties, interest, additions to tax, and additional amounts"). After acknowledging that "the Supreme Court observed long ago that the word 'proceeds' is 'of great generality' * * * Phelps v. Harris, 101 U.S. (11 Otto) 370, 380 (1880)", we explicitly rejected the whistleblower's argument that we should read the phrase "collected proceeds" into section 7623(b)(5)(B), stating: "Congress could have employed, but did not employ, the term 'collected proceeds' when drafting the $2,000,000 monetary threshold." Whistleblower 22716-13W v. Commissioner, 146 T.C. at ___ (slip op. at 22). We observed that the word "including" was not used in section 7623(b)(5)(B) and that "Congress explicitly and unambiguously provided that a whistleblower is eligible for a non-discretionary award only 'if the tax, penalties, interest, additions to tax, and additional amounts in dispute' exceed $2,000,000." Id. Moreover, we explicitly declined to entertain the Commissioner's arguments that collected proceeds are limited to amounts collected under title 26 and that because FBAR penalties are paid under title 31, they do not constitute collected proceeds. Id. at __ n.6 (slip op. at 14).

In sum, we herein hold that the phrase "collected proceeds" is sweeping in scope and is not limited to amounts assessed and collected under title 26. To paraphrase the Court of Appeals: Congress' not supplementing the comprehensive

phrase “collected proceeds” with an exclamatory “and we mean all proceeds collected” does not lessen the force of the statute’s plain language.

B. Section 7623(b)(1) Uses Collected Proceeds to Calculate the Amount of the Award.

As has been discussed supra, section 7623 governs two distinct whistleblower programs: Section 7623(a) governs the longstanding discretionary whistleblower program, and section 7623(b) governs the mandatory whistleblower program at issue in these cases. These two programs provide awards to whistleblowers via two subtly different mechanisms.

Section 7623(a) provides that in cases where an award is not otherwise provided by law, if the Secretary in his discretion makes an award, “[a]ny amount * * * shall be paid from the proceeds of amounts collected by reason of the information provided, and any amount so collected shall be available for such payments.” The mandate of section 7623(a) is twofold. First, because the statute gives the Secretary discretion in determining not just whether to make an award, but also the amount of the award to be made, subsection (a) limits the amount of the award to the proceeds collected as a consequence of the whistleblower’s information. Second, the statute explicitly provides that all of the proceeds collected are available for funding the award, thus emphasizing that the whistle-

blower may receive an award based on all the proceeds collected as a result of the whistleblower's information. In other words, section 7623(a) ensures that the award cannot exceed the amount of the proceeds collected, but with the proviso that all of the proceeds collected are to be available to fund the award.

Section 7623(b) is different. Unlike subsection (a), which requires that an award "shall be paid from" a specific funding source, subsection (b) sets forth how to calculate the whistleblower's award. Paragraph (1) directs that the whistle-blower "shall * * * receive as an award at least 15 percent but not more than 30 percent of the collected proceeds * * * resulting from the action (including any related actions) or from any settlement in response to such action."

The difference in wording between subsections (a) and (b) of section 7623 is striking. Section 7623(a) explicitly provides that the whistleblower award is to be paid from the proceeds collected. In contrast, subsection(b)(1) provides that the whistleblower award is calculated by using a percentage of the collected proceeds. Had Congress sought to require that the section 7623(b) award payment be drawn from the collected proceeds, it could and would have done so, such as by incorporating the wording of subsection (a). But it did not. And we are mindful that when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress

acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)); see Whistleblower 22716-13W v. Commissioner, 146 T.C. at __ (slip op. at 23) . We therefore hold that the collected proceeds are to be used only for purposes of calculating the amount of the award to be given to the whistleblower.

C. Criminal Fines Are Collected Proceeds.

As previously noted, both the discretionary and mandatory whistleblower awards program require the Secretary to proceed with an administrative or judicial action which relates to, inter alia, the detection and bringing to trial and punishment of persons guilty of violating the internal revenue laws or conniving at the same. See sec. 7623(a) and (b)(1). The phrase "punishment * * * [of] persons guilty of violating the internal revenue laws or conniving at the same" has throughout the existence of the statute meant punishment of criminal tax violations. See supra note 8. In these cases the taxpayer pleaded guilty to conspiring to evade tax and file false statements under 18 U.S.C. sec. 371, which section 6531(8) refers to as an internal revenue law.

Paragraph (1) of section 7623(b) includes penalties as collected proceeds. And as we noted supra p. 20, we are mindful that (1) title 26 often treats a fine as a

subset within the purview of a penalty, and (2) title 26 provides for fines levied as punishment. See, e.g., secs. 7201, 7212, 7217. In these cases the Secretary, through the IRS' criminal enforcement unit, took administrative action[17] in response to information provided by petitioners. That action ultimately resulted in the taxpayer's entering into a plea agreement and, inter alia, agreeing to pay a criminal fine.

Respondent acknowledges that "[i]n 1996 Congress amended section 7623 to add 'detecting underpayments of tax,' to clarify that information pertaining to civil as well as criminal violations of the internal revenue laws constitutes a basis for a whistleblower award." Thus, respondent acknowledges that since the whistleblower statute was first enacted in 1867, almost a century and a half ago, whistleblowers could receive an award for information relating to criminal tax violations. Respondent's admission is at loggerheads with his fundamental

---

[17]Although inapplicable in these cases, see supra note 9, sec. 301.7623-2(a)(2), Proced. & Admin. Regs., includes criminal investigations in its definition of administrative action. "[T]he term administrative action means all or a portion of an Internal Revenue Service (IRS) civil or criminal proceeding against any person that may result in collected proceeds * * * including, for example * * * an examination, * * * or a criminal investigation."

position in these cases that criminal fines do not constitute collected proceeds because they were not assessed and collected under title 26.[18]

As an alternative argument, respondent asserts that a criminal fine collected by the Government cannot be considered collected proceeds because (1) pursuant to 42 U.S.C. sec. 10601[19] all criminal fines collected from persons convicted of offenses against the United States, with certain exceptions not herein applicable, are to be deposited in the Crime Victims Fund; (2) criminal fines are paid by the taxpayer directly to the imposing court, which in turn deposits them into the Crime Victims Fund; and (3) at no time are criminal fines available to the Secretary, thus making it impossible for him to use the fines to pay a whistleblower award.

Respondent's argument arises from a fundamental misinterpretation of the plain language of the statute. Section 7623(b)(1) does not refer to, or require, the availability of funds to be used in making an award. As we noted supra section

---

[18]As stated supra note 8, in 1996 sec. 7623 was amended to clarify that an award could be made for information relating to the detection of a civil tax underpayment as well as detection of a criminal tax violation. Thus, the IRS has turned itself around. The implication of the amendment is that before 1996, the IRS denied whistleblower awards for reporting civil tax deficiencies on the basis that the statute authorized awards only for the reporting of criminal tax violations. Now respondent asserts that an award may be made only for the reporting of civil tax deficiencies.

[19]Enacted by the Act of Oct. 12, 1984, Pub. L. No. 98-473, sec. 1402, 98 Stat. at 2170-2171.

IV.B., section 7623(b)(1) establishes the manner in which the Secretary calculates the award to be made to a whistleblower who qualifies for the mandatory award program. The statute explicitly instructs the Secretary to pay the whistleblower who qualifies for the mandatory award program an award of 15% to 30% of the collected proceeds. We have already explained that "collected proceeds" is a broadly defined term: It encompasses "the total amount brought in" by the Government. See Anderson v. Commissioner, 123 T.C. at 232. On the other hand, the discretionary award program of subsection (a) requires the Secretary to pay the whistleblower award "from the proceeds; of amounts collected by reason of the information provided" by the whistleblower, presumably to prevent the amount of the award from exceeding the amount of the proceeds collected; but in doing so the statute explicitly makes all such proceeds collected available for use in making the award. Seemingly, respondent desires the Court to impose some, but not all, of the rules of the discretionary whistleblower award program of section 7623(a) on the mandatory whistleblower award program of section 7623(b).[20] This we will not do. The mandatory award program of subsection (b) is separate and distinct from the discretionary award program of subsection (a).

---

[20]Respondent would have us impose the rule that awards must be paid from proceeds collected, but not make all such proceeds available for such payment.

We thus hold that criminal fines constitute collected proceeds for purposes of an award under section 7623(b)(1).

D. Civil Forfeitures Are Collected Proceeds.

The taxpayer agreed to (1) relinquish claims to approximately $16.2 million in moneys previously forfeited and (2) forfeit approximately $15.8 million representing gross fees it received from U.S. taxpayers. See supra p. 5. These forfeitures resulted from an administrative action with respect to the laundering of proceeds, which, in turn, arose from a conspiracy to violate sections 7201(tax evasion) and 7206 (fraudulent/false tax returns). Within the context of section 7623(b)(1), we are of the opinion that a forfeiture is similar to a criminal fine.

Respondent argues that the amounts forfeited by the taxpayer are not collected proceeds because they were not collected as a result of a violation of the tax laws under title 26. But as we held supra, internal revenue laws are not limited to laws codified in title 26. Laundering proceeds gained from the filing of false returns and tax evasion is a violation of internal revenue laws.

Respondent asserts that forfeited moneys do not constitute collected proceeds because they are required to be deposited into the Department of the

Treasury Forfeiture Fund, governed by 31 U.S.C. sec. 9703(a).[21] This assertion is similar to that advanced by respondent with respect to the criminal fine; we reject it.

Respondent next argues that the discretionary whistleblower awards program governed by section 7623(a) prevents the inclusion of forfeited moneys as part of the collected proceeds. Respondent bases this argument on the flush language of subsection (a), which provides that the Secretary may make a discretionary whistleblower award only "in cases where such expenses are not otherwise provided for by law" and a separate awards program exists for civil forfeitures in 31 U.S.C. sec. 9703(d)(2). As we stated previously, this argument is flawed because section 7623(a) relates to discretionary whistleblower awards, whereas the type of award involved in these cases relates to a mandatory whistleblower award authorized by section 7623(b)(1). See Whistleblower 22716-13W v. Commissioner, 146 T.C. at __ (slip op. at 22-23).

We thus hold that civil forfeitures constitute collected proceeds for purposes of an award under section 7623(b)(1).

---

[21] See supra note 11.

## V. Conclusion

Section 7623(b)(1) uses plain language. The words and terms in question are commonly understood. The term for amounts used to calculate the award is "collected proceeds". The term "collected proceeds" means all proceeds collected by the Government from the taxpayer. The term is broad and sweeping; it is not limited to amounts assessed and collected under title 26.

To reflect the aforesaid, and on the bases of (1) respondent's acknowledgment that petitioners are entitled to an award under section 7623(b) for information brought to the Secretary's attention; (2) the parties' agreement that the aforesaid award should be 24% of the proceeds collected from the taxpayer; (3) the parties' agreement that the taxpayer paid the Government $74,131,694 in tax restitution, a criminal fine, and civil forfeitures; (4) the parties' agreement that the taxpayer's $20,000,001 restitution payment constitutes collected proceeds for purposes of an award under section 7623(b); and (5) the holdings we herein make, namely that the criminal fine of $22,050,000 and the civil forfeitures of $32,081,693 are collected proceeds for purposes of an award under section

7623(b), we conclude that petitioners are entitled to a $17,791,607 (24% × $74,131,694) award under section 7623(b).

Appropriate decisions

will be entered for petitioners.

UNITED STATES TAX COURT
DOCKET ENTRIES

Docket No. 021276-13W INDEX

Whistleblower 21276-13W

v. COMMISSIONER OF INTERNAL REVENUE

c/o Felipe Bohnet-Gomez
3233 P St., N.W.
Washington, DC 20007

Petitioner Counsel (Total 05)

BF0345 Bohnet-Gomez, Felipe S.
Zerbe,Miller,Fingeret, etc.
Suite 300
1455 Pennsylvania Avenue NW
Washington, DC 20004

ZD0070 Zerbe, Dean A.
Zerbe,Miller,Fingeret, etc.
Suite 300
1455 Pennsylvania Avenue NW
Washington, DC 20004

KS0454 Kohn, Stephen M.
Kohn, Kohn and Colapinto
3233 "P" Street
Washington, DC 20007

FJ0888 Fingeret, Jeremy M.
Zerbe, Miller, Fingeret, etc.
Suite 1700
3009 Post Oak Blvd.
Houston, TX 77056

AR0496 Amsel, Robert G.
Robbins, Tunkey, Ross Etc.
4th Floor
2250 S.W. 3rd Avenue
Miami, FL 33129

Respondent Counsel (Total 01)

HR1112 Hatfield, Richard L.
1111 Constitution Avenue NW
CC:GLS
Room 6404
Washington, DC 20224

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0001 | 09/12/2013 | PF | PETITION Filed:Fee Paid | | R 09/23/2013 | |
| 0002 | 09/12/2013 | REQT | REQUEST FOR PLACE OF TRIAL AT WASHINGTON, DC by Petr. Whistleblower 21276-13W | | R 09/23/2013 | |
| 0003 | 09/12/2013 | M086 | MOTION TO PROCEED ANONYMOUSLY by Petr. Whistleblower 21276-13W (C/S 09/09/13) | ORD 01/24/2017 | | |
| 0004 | 09/12/2013 | RLRI | REFERENCE LIST OF REDACTED INFORMATION by Petr. Whistleblower 21276-13W (C/S 09/09/13) (SEALED) | | | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0005 | 09/25/2013 | O | ORDER RESP. BY 10/18/13 FILE AN OBJECTION TO PETR'S MOTION TO PROCEED ANONYMOUSLY. THE ENTIRE RECORD IN THIS CASE IS TEMPORARILY SEALED PENDING RESOLUTION OF PETR'S MOTION TO PROCEED ANONYMOUSLY. PETR'S REFERENCE LIST IS SEALED. THE CAPTION OF THIS CASE IS AMENDED. (REDACTED) | ORD 01/24/2017 | B 09/27/2013 | |
| 0006 | 11/12/2013 | EA | ENTRY OF APPEARANCE by Counsel Stephen M. Kohn for Petr. Whistleblower 21276-13W (REDACTED) | ORD 01/24/2017 | R 11/19/2013 | |
| 0007 | 11/20/2013 | M078 | MOTION TO EXTEND TIME TO MOVE OR FILE ANSWER TO 1/10/14 by Resp. (C/S 11/20/13) (NO OBJECTION) (REDACTED) | GR 11/25/2013 | B 11/26/2013 | |
| 0008 | 01/10/2014 | A | ANSWER by Resp. (C/S 01/10/14) (REDACTED) | ORD 01/24/2017 | | |
| 0009 | 01/10/2014 | NCA | NOTICE OF CHANGE OF ADDRESS by Counsel Dean A. Zerbe (C/S 01/06/14) (REDACTED) | ORD 01/24/2017 | R 01/17/2014 | |
| 0010 | 01/22/2014 | NCA | NOTICE OF CHANGE OF ADDRESS by Counsel Dean A. Zerbe (C/S 01/16/14) (REDACTED) | ORD 01/24/2017 | R 01/30/2014 | |
| 0011 | 03/19/2014 | OAJ | ORDER THAT CASE IS ASSIGNED TO JUDGE MORRISON . (REDACTED) | ORD 01/24/2017 | B 03/21/2014 | |
| 0012 | 03/31/2014 | OAJ | ORDER THAT CASE IS ASSIGNED TO JUDGE JACOBS . CASE NO LONGER ASSIGNED TO JUDGE MORRISON. (REDACTED) | ORD 01/24/2017 | B 04/01/2014 | |
| 0013 | 04/09/2014 | OCA | ORDER THAT CAPTION OF CASE IS AMENDED. (REDACTED) | ORD 01/24/2017 | B 04/09/2014 | |
| 0014 | 04/09/2014 | O | ORDER PARTIES BY 4-23-14 SHALL JOINTLY SUBMIT REDACTED COPIES OF ANY UNREDACTED DOCUMENTS IN THE COURT'S RECORD IN THIS CASE, AND THOSE REDACTED COPIES SHALL BE ACCOMPANIED BY A STIPULATION, PER THE INSTRUCTIONS HEREIN. ANY PARTY OR NON PARTY FILING ANY PAPER IN THIS CASE SHOULD REFRAIN FROM INCLUDING OR SHALL REDACT, IN A MANNER CONSISTENT WITH BOTH THE INSTRUCTIONS HEREIN AND TAX COURT RULES OF PRACTICE AND PROCEDURE, THE NAME, ADDRESS, AND ANY OTHER IDENTIFYING INFORMATION OF PETITIONER AND THE TAXPAYER TO WHOM THE WHISTLEBLOWER CLAIM RELATES. | | B 04/10/2014 | |
| 0015 | 05/14/2014 | STP | STIPULATION AFFIRMING THAT REDACTED DOCUMENTS WERE SUBMITTED JOINTLY by Resp. & Petr. Whistleblower 21276-13W | | B 05/16/2014 | |
| 0016 | 05/19/2014 | O | ORDER DOCKET NUMBERS 21276-13W & 21277 -13W ARE CONSOLIDATED FOR TRIAL, BRIEFING, AND OPINION. | | B 05/19/2014 | |
| 0017 | 07/29/2014 | EA | ENTRY OF APPEARANCE by Counsel Jeremy M. Fingeret for Petr. Whistleblower 21276-13W | | R 08/01/2014 | |
| 0018 | 08/01/2014 | O | ORDER THAT RESP. BY 8/15/14 FILE A REPORT AS STATED HEREIN. PETR. BY 8/26/14 FILE A RESPONSE TO RESP'S. REPORT AS STATED HEREIN. | | B 08/01/2014 | |
| 0019 | 08/11/2014 | NCA | NOTICE OF CHANGE OF ADDRESS by Counsel Felipe S. Bohnet-Gomez | | R 08/14/2014 | |
| 0020 | 08/15/2014 | RTP | REPORT by Resp. (C/S 08/15/14) (EXHIBITS) (SEALED) (R-RE-M 9-24-14) (R-TO-J 10-23-14) | ORD 08/21/2014 | B 08/20/2014 | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0021 | 08/15/2014 | RLRI | REFERENCE LIST OF REDACTED INFORMATION by Resp. (C/S 08/15/14) (SEALED) (R-RE-M 9-24-14) (R-TO-J 10-23-14) | ORD 08/21/2014 | B 08/20/2014 | |
| 0022 | 08/20/2014 | ADED | FIRST AMENDED REPORT by Resp. (C/S 08/20/14) | | B 08/25/2014 | |
| 0023 | 08/21/2014 | O | ORDER THAT RESP'S. REPORT & REFERENCE LIST OF REDACTED INFORMATION FILED 8/15/14 ARE SEALED. | | B 08/21/2014 | |
| 0024 | 08/26/2014 | RSP | RESPONSE TO REPORT by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (R-TO-J 9-19-14) | | B 08/27/2014 | |
| 0025 | 08/26/2014 | RLRI | REFERENCE LIST OF REDACTED INFORMATION by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (SEALED) (R-TO-J 9-19-14) | | B 08/27/2014 | |
| 0026 | 08/27/2014 | O | ORDER THAT PETR'S. REFERENCE LIST OF REDACTED INFORMATION FILED 8/26/14 IS SEALED. | | B 08/27/2014 | |
| 0027 | 09/02/2014 | O | ORDER THAT RESP. FIRST AMENDED REPORT FILED 8/20/14 IS SEALED. | | B 09/03/2014 | |
| 0028 | 09/12/2014 | O | ORDER SET 11/13/14 WASHINGTON, DC SPECIAL SESSION FOR PARTIAL TRIAL. | | B 09/15/2014 | |
| 0029 | 10/15/2014 | MISC | PROPOSED PRETRIAL ORDER by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B 10/20/2014 | |
| 0030 | 10/15/2014 | MISL | RESPONSE TO FIRST REQUEST FOR ADMISSIONS by Resp. (LODGED) (C/S 10/15/14) | | B 10/20/2014 | |
| 0031 | 10/16/2014 | EA | ENTRY OF APPEARANCE by Counsel Robert G. Amsel for Petr. Whistleblower 21276-13W | | B 10/21/2014 | |
| 0032 | 10/21/2014 | O | ORDER PETR. BY 11-5-14 FILE THE REQUEST FOR ADMISSIONS FOR WHICH RESP. HAS LODGED A RESPONSE. | | B 10/21/2014 | |
| 0033 | 10/21/2014 | O | ORDER PARTIES SHALL COMPLY WITH ALL PRETRIAL DUE DATES LISTED HEREIN. | | B 10/22/2014 | |
| 0034 | 10/22/2014 | O | ORDER THE PREVIOUSLY LODGED RESPONSE TO REQUEST FOR ADMISSIONS IS SEALED. | | B 10/22/2014 | |
| 0035 | 10/30/2014 | PMT | PRETRIAL MEMORANDUM by Resp. | | B 11/04/2014 | |
| 0036 | 10/31/2014 | PMT | PRETRIAL MEMORANDUM by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 10/30/14) | | B 11/04/2014 | |
| 0037 | 10/31/2014 | M077 | MOTION TO ENFORCE SUBPOENA ISSUED TO JIM TITCOMBE AND DANIEL LEVY by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (OBJECTION) | DNM 11/17/2014 | B 11/04/2014 | |
| 0038 | 11/03/2014 | REQA | FIRST REQUEST FOR ADMISSIONS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 09/09/14) | | B 11/04/2014 | |
| 0039 | 11/04/2014 | O | ORDER MOTION TO ENFORCE SUBPOENA IS SEALED. | | B 11/04/2014 | |
| 0040 | 11/04/2014 | O | ORDER PETR'S. FIRST REQUEST FOR ADMISSIONS IS SEALED. | | B 11/04/2014 | |
| 0041 | 11/04/2014 | O | ORDER PETR'S. PRE-TRIAL MEMORANDUM IS SEALED. | | B 11/04/2014 | |
| 0042 | 11/04/2014 | O | ORDER RESP'S. PRE-TRIAL MEMORANDUM IS SEALED. | | B 11/04/2014 | |
| 0043 | 11/04/2014 | SUPM | FIRST SUPPLEMENT TO PRETRIAL MEMORANDUM by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 11/03/14) | | B 11/05/2014 | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0044 | 11/04/2014 | O | ORDER CLERK SHALL FILE THE PREVIOUSLY LODGED RESPONSE TO REQUEST FOR ADMISSIONS AS OF THE DATE OF THIS ORDER. | | B 11/05/2014 | |
| 0045 | 11/04/2014 | RSP | RESPONSE TO FIRST REQUEST FOR ADMISSIONS by Resp. (REDACTED) | ORD 01/24/2017 | B 11/05/2014 | |
| 0046 | 11/05/2014 | M040 | MOTION IN LIMINE TO LIMIT THE COURT TO ADDRESSING THE ISSUE OF TIMING by Resp. (C/S 11/04/14) (EXHIBITS) (REDACTED) | ORD 01/24/2017<br>DNM 06/03/2015 | B 11/05/2014 | |
| 0047 | 11/10/2014 | RSP | RESPONSE TO MOTION IN LIMINE TO LIMIT THE COURT TO ADDRESSING THE ISSUE OF TIMING by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 11/10/14) | | B 11/12/2014 | |
| 0048 | 11/12/2014 | STIP | FIRST STIPULATION OF FACTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (EXHIBITS) (NO REDACTED EXHIBITS RECEIVED) (REDACTED) | ORD 01/24/2017 | B 11/12/2014 | |
| 0049 | 11/13/2014 | PTRL | PARTIAL TRIAL BEFORE JUDGE JACOBS AT WASHINGTON, DC (ALSO CALLED 11-14-14.) SIMULTANEOUS OPENING BRIEFS DUE: 1-13-15. NO FURTHER BRIEFS DUE. | | | |
| 0050 | 11/13/2014 | SATL | FIRST SUPPLEMENTAL STIPULATION OF FACTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (EXHIBITS) (REDACTED) | ORD 01/24/2017 | B 11/25/2014 | |
| 0051 | 11/17/2014 | DNM | DENIED MOTION TO ENFORCE SUBPOENA ISSUED TO JIM TITCOMBE AND DANIEL LEVY by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (UNREDACTED) (SEALED) | ORD 01/24/2017 | B 11/25/2014 | |
| 0052 | 01/12/2015 | M011 | MOTION FOR EXTENSION OF TIME TO JANUARY 20, 2015 IN WHICH TO FILE OPENING BRIEFS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 01/12/15) (NO OBJECTION) | GRM 01/13/2015 | | |
| 0053 | 01/13/2015 | GRM | GRANTED MOTION FOR EXTENSION OF TIME TO JANUARY 20, 2015 IN WHICH TO FILE OPENING BRIEFS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B 01/13/2015 | |
| 0054 | 01/20/2015 | SIOB | SIMULTANEOUS OPENING BRIEF by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 01/20/15) (EXHIBITS) (REDACTED) | ORD 01/24/2017<br>REL 01/22/2015 | B 01/22/2015 | |
| 0055 | 01/20/2015 | SIOB | SIMULTANEOUS OPENING BRIEF by Resp. (C/S 01/20/15) (REDACTED) | ORD 01/24/2017<br>REL 01/22/2015 | B 01/22/2015 | |
| 0056 | 02/06/2015 | TRAN | TRANSCRIPT OF NOVEMBER 13, 2014 RECEIVED. (TRIAL) (VOL. 1) (UNREDACTED) (SEALED) | | | |
| 0057 | 02/06/2015 | TRAN | TRANSCRIPT OF NOVEMBER 13, 2014 RECEIVED. (TRIAL) (VOL. 2) (UNREDACTED) (SEALED) | | | |
| 0058 | 02/06/2015 | TRAN | TRANSCRIPT OF NOVEMBER 14, 2014 RECEIVED. (TRIAL) (VOL. 3) (UNREDACTED) (SEALED) | | | |
| 0059 | 02/06/2015 | TRAN | TRANSCRIPT OF NOVEMBER 14, 2014 RECEIVED. (TRIAL) (VOL. 4) (UNREDACTED) (SEALED) | | | |
| 0060 | 06/02/2015 | TCOP | T.C. OPINION, JUDGE JACOBS 144 T.C. NO. 15 (AN APPROPRIATE ORDER WILL BE ISSUED) | | B 06/02/2015 | |

USCA Case #17-1119 Document #1672624 Filed: 04/24/2017 Page 42 of 46

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | | M |
|---|---|---|---|---|---|---|---|
| 0061 | 06/03/2015 | DNM | DENIED MOTION IN LIMINE TO LIMIT THE COURT TO ADDRESSING THE ISSUE OF TIMING by Resp. (UNREDACTED) (SEE 6/23/16 RM) (SEALED) | ORD 01/24/2017 | B | 06/04/2015 | |
| 0062 | 06/03/2015 | O | ORDER THAT JURISDICTION IS RETAINED BY JUDGE JACOBS. PARTIES BY 9-14-15 FILE JOINT REPORT. (SEE 6/23/16 RM) | | B | 06/04/2015 | |
| 0063 | 06/23/2015 | RM | RETURNED MAIL OF 6-3-15 DENIED MOTION IN LIMINE AND 6-3-15 ORDER RETAINING JURISDICTION, FOR PETR'S. COUNSEL FELIPE S. BOHNET-GOMEZ, PLACED IN FILE 6-26-15 -- NO BETTER ADDRESS FOR COUNSEL AVAILABLE | | | | |
| 0064 | 09/14/2015 | RPT | STATUS REPORT by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B | 09/16/2015 | |
| 0065 | 09/16/2015 | O | ORDER PARTIES BY 10-13-15 EITHER SUBMIT DECISION DOCUMENT OR FILE JOINT REPORT. | | B | 09/17/2015 | |
| 0066 | 10/13/2015 | RPT | STATUS REPORT by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B | 10/15/2015 | |
| 0067 | 10/13/2015 | M000 | MOTION FOR STATUS CONFERENCE by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 10/14/15) (REDACTED) | ORD 01/24/2017<br>GRM 10/26/2015 | B | 10/15/2015 | |
| 0068 | 10/26/2015 | GRM | GRANTED MOTION FOR STATUS CONFERENCE by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (REDACTED) | ORD 01/24/2017 | B | 10/26/2015 | |
| 0069 | 12/15/2015 | MEMO | MEMORANDUM ON COLLECTED PROCEEDS by Resp. (C/S 12/15/15) (REDACTED) | ORD 01/24/2017 | B | 12/22/2015 | |
| 0070 | 12/15/2015 | MISC | BRIEF ON COLLECTED PROCEEDS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 12/15/15) (REDACTED) | ORD 01/24/2017 | B | 12/22/2015 | |
| 0071 | 12/15/2015 | MISL | SECOND SUPPLEMENTAL STIPULATION OF FACTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (LODGED) (EXHIBIT) | | | | |
| 0072 | 12/22/2015 | O | ORDER THAT THE ORDER DATED 6/3/15 IS AMENDED BY STRIKING THE PARAGRAPH THAT RETAINS JURISDICTION AND INSERTING IN LIEU THEREOF "THESE CASES REMAIN ASSIGNED TO JUDGE JACOBS." | | B | 12/22/2015 | |
| 0073 | 12/22/2015 | O | ORDER THAT THE RECORD IS REOPENED IN ORDER TO RECEIVE THE SECOND SUPPLEMENTAL STIPULATION OF FACTS, LODGED ON 12/15/15 & THE SECOND SUPPLEMENTAL STIPULATION OF FACTS IS FILED AS OF THE DATE OF THIS ORDER. THE RECORD IS CLOSED. | | B | 12/22/2015 | |
| 0074 | 12/22/2015 | SATL | SECOND SUPPLEMENTAL STIPULATION OF FACTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (NO REDACTED EXHIBITS RECEIVED) (REDACTED) | ORD 01/24/2017 | B | 12/22/2015 | |
| 0075 | 01/28/2016 | RSP | RESPONSE TO MEMORANDUM ON COLLECTED PROCEEDS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 01/28/16) (EXHIBITS) (REDACTED) | ORD 01/24/2017 | B | 02/08/2016 | |
| 0076 | 02/01/2016 | REPL | REPLY TO BRIEF ON COLLECTED PROCEEDS by Resp. (C/S 02/01/16) (REDACTED) | ORD 01/24/2017 | B | 02/08/2016 | |

USCA Case #17-1119 Document #1672624 Filed: 04/24/2017 Page 43 of 46

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | | M |
|---|---|---|---|---|---|---|---|
| 0077 | 03/25/2016 | NSA | NOTICE OF SUPPLEMENTAL AUTHORITY by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 03/25/16) (ATTACHMENT) (NO REDACTED ATTACHMENT RECEIVED) (REDACTED) | ORD 01/24/2017 | | | |
| 0078 | 08/03/2016 | TCOP | T.C. OPINION, JUDGE JACOBS 147 T.C. NO. 4 (APPROPRIATE DECISIONS WILL BE ENTERED FOR PETITIONERS.) | | B | 08/03/2016 | |
| 0079 | 08/09/2016 | O | ORDER THE ENTIRE UNREDACTED TRANSCRIPT OF THE 11-13-14 HEARING WILL BE SEALED. BY 8-23-16, CAPTIAL REPORTING COMPANY SHALL TRANSMIT TO THE CHAMBERS OF THE UNDERSIGNED JUDGE THE MATERIALS DESCRIBED IN THE SECOND PARAGRAPH OF THIS ORDER, IN THE MANNER DESCRIBED THEREIN. CLERK SHALL RECORD THE UNREDACTED TRANSCRIPT OF THE HEARING UNDER SEAL, AND THE UNREDACTED TRANSCRIPT SHALL NOT BE MADE PART OF THE PUBLIC RECORD. PARTIES BY 8-31-16 SHALL FILE A JOINT RESPONSE TO THIS ORDER PER THE INSUTRCTIONS HEREIN. CLERK SHALL, IN ADDITION TO REGULAR SERVICE, SERVE A COPY OF THIS ORDER ON CAPTIAL RECORDING COMPANY AT THE ADDRESS LISTED HEREIN. (SEE 8/25/16 RM) | | B | 08/09/2016 | |
| 0080 | 08/09/2016 | O | ORDER PARTIES BY 8-31-16 SHALL JOINTLY SUBMIT REDACTED COPIES OF ANY UNREDACTED DOCUMENTS ON RECORD, PER THE INSTRUCTIONS HEREIN. (SEE 8/25/16 RM) | | B | 08/09/2016 | |
| 0081 | 08/16/2016 | O | ORDER CLERK SHALL SERVE A COPY OF THE DOCKET SHEETS IN EACH OF THE CONSOLIDATED CASES ON EACH OF THE PARTIES. | | B | 08/17/2016 | |
| 0082 | 08/25/2016 | RM | RETURNED MAIL OF 2 ORDERS DATED 8/9/16 FOR PETITIONER COUNSEL; PLACED IN FILE 8/25/16 | | | | |
| 0083 | 08/31/2016 | STP | STIPULATION RE: REDACTED COPIES OF UNREDACTED DOCUMENTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (ATTACHMENTS) | | C | 09/06/2016 | |
| 0084 | 09/02/2016 | M028 | MOTION FOR RECONSIDERATION OF FINDINGS OR OPINION PURSUANT TO RULE 161 by Resp. | DNM 12/20/2016 | B | 09/06/2016 | |
| 0085 | 09/07/2016 | O | ORDER PETRS. BY 9-13-16 FILE RESPONSE TO MOTION FOR RECONSIDERATION. | | B | 09/08/2016 | |
| 0086 | 09/07/2016 | O | ORDER PARTIES BY 9-15-16 FILE SUPPLEMENTAL JOINT STIPULATION WITH RESPECT TO REDACTING DOCUMENTS. | | B | 09/08/2016 | |
| 0087 | 09/13/2016 | REPL | REPLY TO MOTION FOR RECONSIDERATION OF FINDINGS OR OPINION PURSUANT TO RULE 161 by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B | 09/19/2016 | |
| 0088 | 09/15/2016 | SPML | FIRST SUPPLEMENTAL STIPULATION RE: REDACTED COPIES OF UNREDACTED DOCUMENTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | C | 09/21/2016 | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | | M |
|---|---|---|---|---|---|---|---|
| 0089 | 10/12/2016 | MISC | SECOND STIPULATION RE: REDACTED COPIES OF UNREDACTED DOCUMENTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (ATTACHMENTS) | | C | 10/12/2016 | |
| 0090 | 10/18/2016 | MISC | THIRD STIPULATION REGARDING REDACTED DOCUMENTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | B | 10/19/2016 | |
| 0091 | 12/02/2016 | MISC | FOURTH STIPULATION REGARDING REDACTED DOCUMENTS by Resp. & Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W | | | | |
| 0092 | 12/20/2016 | DNM | DENIED MOTION FOR RECONSIDERATION OF FINDINGS OR OPINION PURSUANT TO RULE 161 by Resp. | | B | 12/23/2016 | |
| 0093 | 12/20/2016 | O | ORDER CLERK SHALL REMOVED THE DOCUMENTS LISTED IN THIS ORDER FROM THE PUBLIC RECORD AND PLACE THEM UNDER SEAL. | | B | 12/23/2016 | |
| 0094 | 01/24/2017 | O | ORDER THAT PETR. MOTION TO PROCEED ANONYMOUSLY, FILED 9/12/13, IS GRANTED. THE REDACTED DOCUMENTS AS STATED HEREIN ARE SUBSTITUTED FOR THE UNREDACTED DOCUMENTS AND THE UNREDACTED DOCUMENTS ARE PLACED UNDER SEAL. EXHIBITS 1-J THROUGH 12-J, 13-P, 15-P, 22-P, 23-P, 25-P & 26-P ARE PLACED UNDER SEAL. THE REDACTED TRANSCRIPTS, VOL. 1, 2, 3, 4, RESP'S. REPORT, RESP'S. PRETRIAL MEMORANDUM, PETR'S. PRETRIAL MEMORANDUM, MOTION TO ENFORCE SUBPOENA & PETR'S. FIRST REQUEST FOR ADMISSIONS ARE DETACHED FROM THE FOURTH STIPULATION, FILED 12/2/16, AND RECORDED AS OF THE DATE OF THIS ORDER. THE 11/17/14 DENIED MOTION TO ENFORCE & THE 6/3/15 DENIED MOTION IN LIMINE ARE PLACED UNDER SEAL AND REMOVED FROM THE PUBLIC RECORD IN THIS CASE. TEMPORARY SEALING OF THE RECORD IN THIS CASE IS LIFTED. ADDITIONAL SERVICE OF THIS ORDER AND THE REDACTED TRANSCRIPTS IS MADE ON CAPITAL REPORTING COMPANY AT THE ADDRESS STATED HEREIN. | | B | 01/27/2017 | |
| 0095 | 01/24/2017 | RTP | REPORT by Resp. (C/S 08/15/14) (EXHIBITS) (REDACTED) | ORD 01/24/2017 | | | |
| 0096 | 01/24/2017 | M077 | MOTION TO ENFORCE SUBPOENA ISSUED TO JIM TITCOMBE AND DANIEL LEVY by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 10/30/14) (OBJECTION) (REDACTED) | ORD 11/17/2014 | | | |
| 0097 | 01/24/2017 | REQA | FIRST REQUEST FOR ADMISSIONS by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 11/03/14) (REDACTED) | ORD 01/24/2017 | | | |
| 0098 | 01/24/2017 | PMT | PRETRIAL MEMORANDUM by Petrs. Whistleblower 21276-13W; & Whistleblower 21277-13W (C/S 10/30/14) (EXHIBITS) (NO REDACTED EXHIBITS RECEIVED) (REDACTED) | ORD 01/24/2017 | | | |
| 0099 | 01/24/2017 | PMT | PRETRIAL MEMORANDUM by Resp. (C/S 10/30/14) (REDACTED) | ORD 01/24/2017 | | | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | | M |
|---|---|---|---|---|---|---|---|
| 0100 | 01/24/2017 | TRAN | TRANSCRIPT OF 11/13/14 RECEIVED. (TRIAL) (VOL. 1) (REDACTED) | ORD 01/24/2017 | | | |
| 0101 | 01/24/2017 | TRAN | TRANSCRIPT OF 11/13/14 RECEIVED. (TRIAL) (VOL. 2) (REDACTED) | ORD 01/24/2017 | | | |
| 0102 | 01/24/2017 | TRAN | TRANSCRIPT OF 11/14/14 RECEIVED. (TRIAL) (VOL. 3) (REDACTED) | ORD 01/24/2017 | | | |
| 0103 | 01/24/2017 | TRAN | TRANSCRIPT OF 11/14/14 RECEIVED. (TRIAL) (VOL. 4) (REDACTED) | ORD 01/24/2017 | | | |
| 0104 | 01/27/2017 | DEC | DECISION ENTERED, JUDGE JACOBS | | B | 01/27/2017 | |
| 0105 | 02/09/2017 | O | ORDER THAT EXHIBITS 27-J & 28-J ENTERED INTO EVIDENCE ATH THE PARTIAL TRIAL ON 11/13-14/14 ARE SEALED NUNC PRO TUNC AS OF 1/24/17. | | B | 02/09/2017 | |
| A P P E L L A T E P R O C E E D I N G S | | | | | | | |
| 0106 | 04/21/2017 | NOAR | NOTICE OF APPEAL BY RESP. TO U.S.C.A. D.C. CIR. (NO FEE) | | B | 04/24/2017 | |
| 0107 | 04/24/2017 | NOFC | NOTICE OF FILING W/ COPY OF NOT. OF APP. SENT TO THE PARTIES. | | B | 04/24/2017 | |

# UNITED STATES TAX COURT

WASHINGTON, D.C. 20217
April 21, 2017

CLERK OF THE COURT

| | | |
|---|---|---|
| WHISTLEBLOWER 21276-13W<br><br>Petitioner<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | ) | Docket No 21276-13W. |

## NOTICE OF FILING OF NOTICE OF APPEAL

TO:

Mark J. Langer, Clerk of Court
U. S. Court of Appeals
for the District of Columbia
Circuit
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Avenue, NW
Washington, DC 20001-2866

William M. Paul
Acting Chief Counsel
Internal Revenue Service
1111 Constitution Ave, NW
Washington, DC 20224

Felipe S. Bohnet-Gomez
Zerbe, Miller, Fingeret, etc.
Suite 300
1455 Pennsylvania Avenue NW
Washington, DC 20004

The United States Court of Appeals for the DC Circuit and the parties are hereby notified that on April 21, 2017 respondent filed a Notice of Appeal from the decision of the Tax Court. A copy of that Notice of Appeal is herewith served upon you.

The parties are hereby notified that the papers constituting the record of the case in the United States Tax Court include any transcripts of proceedings.

The parties are also notified that, pursuant to the direction of the Court of Appeals, the record in the case will be retained by the Clerk of the United States Tax Court, unless the record or a portion thereof is requested by the Court of Appeals.

Counsel for the Commissioner of Internal Revenue are **GILBERT S. ROTHENBERG, CHIEF, APPELLATE SECTION, TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, P.O. BOX 502, WASHINGTON, D.C. 20044, UPON WHOM SERVICE OF DOCUMENTS AND PAPERS IN PROCEEDINGS IN THE COURT OF APPEALS IS TO BE MADE**, and William M. Paul, Acting Chief Counsel, Internal Revenue Service.

Stephanie A. Servoss
Clerk of the Court

Enclosures: Copy of Notice of Appeal and Docket Entries.

Fee Paid: Yes__ No X

SERVED APR 24 2017